(No. 3875—)

PAUL W. BROOKSHIER, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed March 13, 1945.*

RALPH ROUSE, for claimant.

GEORGE F. BARRETT, Attorney General; C. ARTHUR NEBEL, Assistant Attorney General, for respondent.

ECKERT, J.

During the month of October, 1940, claimant, Paul W. Brookshier, was a student at Eastern Illinois State Teachers College at Charleston, Illinois. While attend-

ing classes under Dr. Sidney B. Goff, he was asked by Dr. Goff to act as a subject in the demonstration of a fluoroscope. Claimant was over-exposed to the rays of the fluoroscope and received a severe burn on his back which has not healed. Claimant alleges that he is permanently injured, suffers pain, and is handicapped by the injury in any work which he undertakes. He seeks damages in the amount of $20,000.00.

The respondent has moved to dismiss the complaint, contending that in the operation and maintenance of the Illinois State Teachers College, the State of Illinois is engaged in a governmental function, and while so engaged, is not liable for damages caused by the negligence of its officers, agents, or employees.

Subsequent to the filing of respondent's motion, claimant filed an additional count to his complaint, alleging that at the time of the injury he had paid tuition to the Eastern Illinois State Teachers College for his instruction, and thereby entered into a contractual relationship with the College; that by reason of such contractual relationship, it became the duty of the College not to hurt or injure the claimant; that because of respondent's failure to carry out the terms of its contract not to hurt or injure the claimant, the claimant has been injured to the extent of $20,000.00. Respondent thereupon renewed its motion to dismiss claimant's complaint.

This court has repeatedly held that the doctrine of respondeat superior does not apply to the State of Illinois in the exercise of a governmental function, and that the State is not liable for injuries resulting from the malfeasance, misfeasance or negligence of its officers, agents, or employees. *Berg* vs. *State,* 12 C. C. R. 79. The State, in the conduct and maintenance of the Eastern Illinois State Teachers College, exercises a governmental

function, and it is not liable for personal injuries suffered by a student and occasioned by the malfeasance, misfeasance or negligence of the officers, teachers, agents, employees or students thereof. *Stanford* vs. *State,* 12 C. C. R. 360.

The fact that claimant paid tuition to the Eastern Illinois State Teachers College furnishes no additional support to his claim. A detailed discussion of the distinctions between contractual and tort liability would not aid claimant's position. The court is of the opinion that the claim rests solely upon the alleged negligence of an agent of the respondent, and must therefore be dismissed.

Case dismissed.